UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LOUIS CAMPBELL aka David Walker, | ) | CASE NO. 1:12 CV 954 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JASON BUNTING, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On April 19, 2012, Petitioner *pro se* Louis Campbell filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Petitioner seeks to challenge the four-year sentence imposed upon him after he was convicted, in March 2011, of robbery with prior conviction and repeat violent offender specifications, having a weapon under disability, carrying a concealed weapon, and resisting arrest. For the reasons stated below, this case is dismissed..

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing 2254 Cases, the petition must be dismissed if "it plainly appears ... that the petitioner is not entitled to relief."

Although the Petition is unclear, Campbell appears to argue his sentence was improperly enhanced by an invalid prior conviction from 1985. While he suggests he previously attacked the 1985 conviction, there is no indication he exhausted the issue in the state courts as it relates to

enhancement of the sentence that is the subject of the instant Petition. Thus, without regard to the potential merits of the grounds sought to be raised herein, it is evident on the face of the Petition that Campbell has not exhausted his state court remedies.

Accordingly, the Petition is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                             */s/Dan Aaron Polster 5/1/12*
                                             DAN AARON POLSTER
                                             UNITED STATES DISTRICT JUDGE